IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL RANIERI** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **DIRECTOR CHRISTINE BUTAKIS** | : | NO. 16-4843 |

## MEMORANDUM

SLOMSKY, J.                                                                SEPTEMBER 15, 2016

      Currently before the Court is plaintiff Daniel Ranieri's motion for leave to proceed *in forma pauperis* and pro se civil complaint against Christine Butakis, the Director of Admission at the Delaware County Housing Authority. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

      Plaintiff alleges that he applied for public housing with the Delaware County Housing Authority in 2012, and renewed his application each year in August, but never received housing. He claims that, despite his many applications, he was not told that a criminal record would disqualify him for housing assistance even though he informed his case worker that he had been "in and out of prison for many years especially from August 2012 to today." (Compl. ¶ II.D.) Accordingly, he instituted this lawsuit seeking damages in excess of $15,000 for "mental abuse caused by the defendant[']s insensitive behavior at the cost of others." (*Id.* ¶ V.) In that regard, plaintiff contends that, for five and a half years, he "held on to hope that one day his housing problem would end only to now find out" that he had apparently been denied from the beginning of the process, presumably as a result of his criminal record. (*Id.*) Plaintiff would like to see all of the criminal background checks that the Delaware County Housing Authority conducted on

1

approved applications and alleges that the Delaware County Housing Authority does not treat all applicants equally.

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. As plaintiff is proceeding *in forma pauperis*, the Court is required to screen the complaint and dismiss it if, among other things, it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Even liberally construing the complaint, the Court cannot ascertain a plausible basis for a federal claim against Butakis or the Delaware County Housing Authority from plaintiff's allegations. That plaintiff was not informed beforehand that his criminal history could preclude him from obtaining housing assistance does not violate any federal laws. To the extent plaintiff intended to raise claims under the Fair Housing Act, his claims fail. The Fair Housing Act renders it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). It does not preclude consideration of an individual's criminal record in housing decisions. *See Talley v. Lane*, 13 F.3d 1031, 1034 (7th Cir. 1994) ("[C]onsideration of an applicant's criminal record is not forbidden under . . . the Fair Housing Act."). To the extent plaintiff sought to raise an equal protection claim pursuant to 42 U.S.C. § 1983, his claims fail because criminals are not a protected class under the Equal Protection Clause and nothing in the

complaint suggests that plaintiff was treated differently from similarly-situated applicants for an irrational reason so as to sustain a "class of one" claim. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) ("[T]o state a claim for 'class of one' equal protection, a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment."); *Sanders v. Cnty. of Bradford*, No. CIV.A. 3:11-1723, 2013 WL 2435354, at *7 (M.D. Pa. June 4, 2013) ("[C]onvicted felons are not a suspect or quasi-suspect class for the purposes of an Equal Protection claim.").

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because it appears that amendment would be futile, as plaintiff primarily appears to be seeking recovery for conduct that is not actionable under federal law.[1] An appropriate order follows, which shall be docketed separately.

---

[1] To the extent plaintiff sought to raise claims under state law, there is no apparent basis for jurisdiction over those claims under 28 U.S.C. § 1332.